```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENISE PANICONI,                :    CIVIL ACTION
                                :    NO. 21-5384
        Plaintiff,              :
    v.                          :
                                :
ABINGTON HOSPITAL-              :
JEFFERSON HEALTH,               :
                                :
        Defendant.              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              May 24, 2022

**I.   INTRODUCTION**

This case is a cautionary tale of the need for counsel to navigate successfully the brave new world of electronic communications.

Plaintiff Denise Paniconi ("Plaintiff") was employed by Defendant Abington Hospital-Jefferson Health ("Defendant") as a medical assistant. Plaintiff is a 62-year-old white woman and a born-again Christian. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of her race and religion. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff received her right-to-sue-letter from the EEOC on September 8, 2021. The right-to-sue

letter provided that Plaintiff must file her complaint within ninety days of receipt of the right-to-sue letter. Plaintiff filed her complaint on December 8, 2021, ninety-one days after receiving the right-to-sue letter.

Defendant moves to dismiss the complaint because Plaintiff failed to file her complaint within the ninety-day window. Following oral argument, Defendant's motion is now ripe before this Court. For the following reasons, Defendant's motion will be granted.

**II.   DISCUSSION**

"[T]he time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he receives a right-to-sue letter from the agency." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). "The EEOC's right-to-sue letter also informs the claimant that he or she has ninety days after receipt in which to file suit." Id. "While the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir. 1986) (quoting Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984)) (internal quotation marks omitted).

2

Here, Plaintiff filed the complaint ninety-one days after receiving the right-to-sue letter. "[A] claim filed even one day beyond [the] [ninety-day] window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement." Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 176 (3d Cir. 1999); see also Seitzinger, 165 F.3d at 240 (The ninety-day rule "is akin to a statute of limitations" and may be tolled if the plaintiff was "prevented from filing in a timely manner due to sufficiently inequitable circumstances."); Rockmore v. Harrisburg Prop. Serv., 501 F. App'x 161, 164 (3d Cir. 2012) ("[A] civil action under Title VII must be commenced within 90 days of receiving a right-to-sue letter from the EEOC" because the "time limit is akin to a statute of limitations.") (first citing 42 U.S.C. § 2000e-5(f)(1) and then citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Courts have dismissed complaints in circumstances where the plaintiff filed his or her complaint a single day outside of the ninety-day window. See Figueroa, 188 F.3d at 176 (affirming a district court's dismissal of a claim because the plaintiff filed her complaint ninety-one days after receiving the right-to-sue letter); see also Bridges v. Kilkenny, No. 17-2802, 2017 WL 6525778, at *1-*2 (E.D. Pa. Dec. 21, 2017) (same).

Plaintiff avers that:

> In this matter, the EEOC provided notice of the right to sue to Plaintiff through electronic mail. Plaintiff's counsel received an email from the EEOC on September 8, 2021 informing counsel to check their EEO[C] portal, yet made no specific mention of the client's name or that a right to sue had been issued in this matter. While this general email was issued on September 8, Plaintiff's counsel cannot confirm their EEOC portal was checked on this date to view and retrieve a copy of the right to sue letter.

Pl. Resp. at 5, ECF No. 16.

Plaintiff's attorney, and Plaintiff herself, received an email notification from the EEOC that provided notice of an "important document." To access to the document, Plaintiff's counsel was required to follow a link and log in to a portal on the EEOC website. The "important document" turned out to be the right-to-sue letter.

Plaintiff suggests that the clock for the ninety-day period begins to run on the date when the individual accesses the portal and downloads the letter, not on the date when the individual receives the email notification. Plaintiff contends that though her attorney received the email notification for the right-to-sue letter on September 8, 2021, because Plaintiff's attorney did not follow the link to download the letter until September 13, 2021, the ninety-day period began on September 13, 2021.

As Defendant points out in its reply, the Western District of Pennsylvania recently considered this exact situation in an

4

unpublished opinion, McNaney v. Sampson and Morris Grp., Inc., No. 21-1809, 2022 WL 1017388, at *4 (W.D. Pa. April 5, 2022). The plaintiff in McNaney made the same argument as the Plaintiff in this case. The McNaney court rejected the plaintiff's argument, noting that if the plaintiff's counsel had followed the link provided in the email, he "would have discovered that the right-to-sue letter was issued by the EEOC." 2022 WL 1017388, at *4. The McNaney court explained that "[i]t is not asking too much of attorneys who practice before these courts and agencies to acquire the necessary electronic credentials to access such filings and, when provided notice of an action by email, open the link to access the document." Id. The court found that "[c]ounsel's failure to open the link and actually read the document" on the date it was received "does not toll the commencement of the period, just as it would not if he simply failed to open mail delivered in the traditional manner." Id. Because the plaintiff failed to bring her claim within the ninety-day period, the court dismissed the plaintiff's claims with prejudice. Id.

The Court will apply McNaney's reasoning here. Because Plaintiff's attorney received the email notification on September 8, 2021, it is irrelevant when Plaintiff's counsel actually followed the link to access the EEOC portal. The

5

ninety-day period began to run when the email notification reached Plaintiff's attorney's inbox.

Plaintiff also suggests that the Court should treat messages received by email as it treats messages received by regular mail. When the date of receipt of a right-to-sue letter is unknown or in dispute, "courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it," as this accounts for the time it takes to send the letter through the postal system. Seitzinger, 165 F.3d at 239; see also, e.g., Formato v. Mount Airy #1, LLC, No. 19-2237, 2020 WL 4347379, at *3 (M.D. Pa. July 29, 2020) (noting that courts will presume a plaintiff received the letter three days after it was mailed by the EEOC). Plaintiff contends that the Court should apply a three-day grace period to the receipt of email notifications of right-to-sue letters. But Plaintiff does not cite to any authority to support this argument. More importantly, here it is not disputed that Plaintiff's counsel actually received the notification on September 8, 2021 and, generally, "[w]hen the actual date of receipt is known, that date controls." Seitzinger, 165 F.3d at 239; see also, e.g., Moses v. Home Depot, Inc., No. 16-2400, 2017 WL 2784710, at *6 (D.N.J. June 27, 2017) ("the date the e-mail message was received in Plaintiff's inbox" with the right-to-sue letter "is

6

the date of receipt."). Thus, the Court rejects Plaintiff's argument.

Because Plaintiff filed her complaint outside of the ninety-day window, and because Plaintiff does not argue that this period should be tolled for any equitable reason, Defendant's motion will be granted.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion will be granted and the case will be dismissed. An appropriate order follows.